UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANNI ELABED,<br><br>        Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, INC., a foreign corporation;<br>CCA, WESTERN PROPERTIES, INC.,<br>an Idaho Corporation; PHILIP VALDEZ,<br>Individually and in his official capacity;<br>JOHN AND JANE DOES 1-8, in their<br>Individual and official capacities,<br><br>        Defendants. | Case No. 1:CV-10-218-S-EJL<br><br>**SETTLEMENT<br>CONFERENCE ORDER AND<br>QUESTIONNAIRE** |

NOW THEREFORE IT IS HEREBY ORDERED:

A judicially supervised settlement conference is set in this case for **Wednesday, November 17, 2010 at 8:30 a.m.** in the James A. McClure Federal Building and United States Courthouse in Boise, Idaho. The settlement conference will be conducted by the undersigned, sitting by special designation. The Court has set the entire day aside for the mediation, and will continue it as long as it is deemed to be productive. The parties and their counsel should plan their travel schedules accordingly.

It is ordered that lead counsel for each party in the case, the Plaintiff, and a representative of the defendant corporations and their insurers with full authority to settle

**ORDER 1**

the case shall attend the settlement conference. Lead counsel is the attorney who is primarily responsible for representing the party at trial in the case. Lead counsel, the Plaintiff, and all corporate or insurance representatives shall be authorized to participate in settlement negotiations at the settlement conference and shall be excused from attendance only by the undersigned. Counsel shall be knowledgeable about the facts of the case and shall be prepared to candidly discuss the same with the settlement judge.

CORRECTIONS CORPORATION OF AMERICA is ORDERED to coordinate with the United States Marshal and to transport Plaintiff Hanni Elabed to and from the United States Courthouse in Boise to facilitate his participation in the settlement conference.

The parties shall submit to the undersigned a completed Settlement Conference Questionnaire for the Court's *in camera* review **by 5:00 p.m. on Wednesday, November 10, 2010. The questionnaire shall be emailed (not filed on CM/ECF) to Susie Headlee, the Court's ADR Coordinator at Susie_Boring-Headlee@id.uscourts.gov.**

All information provided to Judge Tallman for settlement purposes shall be held in confidence, and the parties may request that the Settlement Conference Questionnaire be returned to the submitting party at the end of the settlement conference. No oral statement, written document, or other material considered during the settlement procedure may be used against any party to this litigation. Fed. R. Evid. 408. Questions regarding the settlement conference may be directed to the ADR Coordinator Susie Headlee at (208)

ORDER  2

334-9067.

DATED this 15th day of October, 2010.

_____
RICHARD C. TALLMAN
United States Circuit Judge
Sitting by Designation

**ORDER 3**

## SETTLEMENT CONFERENCE QUESTIONNAIRE

SUBMITTED BY: _____

Attorney for _____

Trial date scheduled: _____      Jury ____   Non-Jury ____

NOTE: Please use attachments where necessary. All attachments should be punched for a three-ring binder. Ignore a question if it is not pertinent to this case.

1. Statement of facts pertinent to settlement.

2. Plaintiff's theories of recovery if not obvious.

3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

4. Damages - Plaintiff should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.

5. What equitable relief are you seeking?

6. Summarize the bona fide disputes regarding damages.

7. Weaknesses.

8. Plaintiff's evaluation of fair settlement. $_____.

9. Defendant's evaluation of fair settlement. $_____.

10. May the court disclose these figures to the opposing party at the commencement of the conference? yes _____ no _____

11. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations? Discuss.

**ORDER 4**

12. Are there viable sources from whom the Defendant(s) may seek contribution?

13. Do you believe the other party has negotiated in good faith? Discuss.

14. Does either party have client problems that affect these negotiations?

15. Do client and attorney disagree on the settlement value? Discuss.

16. What factors not discussed above have hampered settlement negotiations?

17. State your opinion as to the bona fide chance for settlement in this matter. ____%

18. Are there legal questions that effectively bar serious settlement negotiations? Discuss.

19. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations? yes _____ no _____

20. Is arbitration of certain areas or the entire matter a viable option? Discuss.

21. Do Defendants want separate or joint conferences with the judge from which Plaintiff is excluded?

22. Does Plaintiff want separate conferences with the judge from which Defendants are excluded?

23. Expenses of litigation:

To date $_____ Plaintiff(s) $_____ Defendant(s) $_____

Estimate of expenses to conclusion $_____

**ORDER  5**